IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVEAL D. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-934-M |
| | ) | |
| H. A. RIOS, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner brings this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his state court convictions and sentences. Doc. 1. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

Respondent seeks dismissal of the action, maintaining it is time-barred. Docs. 13, 14. Petitioner opposes the motion. Doc. 15.[2] After careful review of

---

[1] Petitioner has named the State of Oklahoma as Respondent. Because Petitioner is in custody under the state court judgment in question here, the state officer having custody of Petitioner is the properly named Respondent in a habeas proceeding. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner is incarcerated at the Lawton Correctional Facility. Doc. 1, at 1. Therefore, H. A. Rios, Warden of the Lawton Correctional Facility, is the properly named Respondent.

[2] On May 27, 2014, Petitioner filed an "inquiry into status of petition for writ of habeas corpus," asking the court to "see attached response/reply that was timely filed . . . ." Doc. 16. This report was complete and in the process of

(continued...)

the parties' arguments and submissions on the issue, and liberally construing Plaintiff's filings, the undersigned recommends the dismissal of the action as untimely.

## I.     Period of limitation for Petitioner's claims.

A jury convicted Petitioner of First Degree Murder and assault with a firearm in Case No. CF-2008-5338 in the District Court of Oklahoma County, Oklahoma. Doc. 1, at 1-2.[3] The trial judge sentenced him to life imprisonment without the possibility of parole on the murder count and to an additional term of imprisonment on the remaining count. *Id.* at 1, and Att. 1. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences on March 27, 2012. Doc. 1, at 2; Doc. 14, at Ex. 1.

Petitioner filed his petition seeking federal habeas relief on August 21, 2013,[4] at the earliest. His petition is subject to a one-year period of limitation

---

[2](...continued)
finalization for filing as of that date. The undersigned has now reviewed Petitioner's attachment and determined that it is a duplicate of his previously-filed response – Doc. 15 – but has not altered the completed report to include citations to both the original and duplicate responses.

[3]     Page citations to the petition are in sequential order and reflect this Court's CMECF pagination.

[4]     The Petition was received and file-stamped in this Court on August 30, 2013. This Court, however, deems the petition filed on the day Petitioner gave it to prison authorities for mailing. *Fleming v. Evans*, 481 F.3d 1249, 1255
(continued...)

2

under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). That clock generally begins to run when "the judgment bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5] As Petitioner sought no writ of certiorari in the United States Supreme Court, Doc. 1, at 3, his conviction became final on June 25, 2012, when the ninety day time period for filing a certiorari petition expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The AEDPA's one-year period of limitation began to run the following day, June 26, 2012, and expired one year

---

[4](...continued)
n.2 (10th Cir. 2007); *Hoggro v. Boone*, 150 F.3d 1223, 1227 (10th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). The undersigned assures a filing date of August 21, 2013, the date Petitioner signed the Petition and placed it in the prison mailing system. Doc. 1, at 15.

[5] Petitioner suggests, Doc. 1, at 14, the one-year period should run in this case from "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). According to Petitioner, that date is May 17, 2013, the date the OCCA affirmed the trial court's dismissal of the last of Petitioner's post-conviction applications. Doc. 1, at 14. In light of Petitioner's affirmative allegations that he raised each of his four grounds for federal relief in his post-conviction proceedings in the state *trial* court, his assertion that he only discovered the factual predicate of those claims on the date of the state *appellate* court's decision is, at best, incongruent and is, in addition, belied by the record. *Compare id.* at 5 (Ground 1), *with* Doc. 14, at Ex. 2; *compare* Doc. 1, at 7 (Ground 2), *with* Doc. 14, at Ex. 2; *see* Doc. 1, at 8-9 (Ground 3) (raised in the "initial filed petition [that] was dismissed continually by Judge Elliott and finally denied by . . . Judge . . . Bass."); *compare* Doc. 1, at 10 (Ground 4), *with* Doc. 14, at Ex. 2.

later, on June 26, 2013. *See Haws v. Jorgenson*, 219 F. App'x. 781, 783 (10th Cir. 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitation commenced the next day, January 29, 2004.").

So, absent statutory or equitable tolling of the limitation period, this petition – filed on August 21, 2013 – is untimely by almost two months.

## II. Statutory tolling.

Statutory tolling is available when, during the one-year limitation period, a petitioner properly files a petition for collateral review in the state trial court. *See* 28 U.S.C. § 2244(d)(2). On June 25, 2012, Petitioner applied for post-conviction relief in state district court. Doc. 14, at Ex. 2. Judge Elliott struck the application, in part, because it was not verified as required by state law. *Id.*, Ex. 3, at 1-2. Petitioner filed a second application on August 13, 2012. *Id.*, Ex. 4. Judge Elliott struck that application because, once again, it "was not verified as required by the Post-Conviction Procedure Act." *Id.*, Ex. 5.

Petitioner then filed a third application on October 5, 2012, followed by an "amendment" on October 11, 2012. *Id.*, Exs. 6, 7. Judge Elliott dismissed the application and

> Section 1081 of the Post-Conviction Procedure Act sets forth the procedure for instituting proceedings under that Act. The statute states "A proceeding is commenced by filing a verified 'application for post-conviction relief' with the clerk of the court imposing judgment if an appeal is not pending." 22 O.S. § 1081.

4

> Petitioner's Application for Post-Judgment Relief was not verified as required by law. This Court's jurisdiction over Petitioner's case lapsed after pronouncement of judgment and sentence, and can only be subsequently invoked by strict compliance with the filing requirements of relevant statutory provisions which allow a party to seek further judicial relief.

*Id.*, Ex. 8.

Petitioner filed his final application for post-conviction relief on November 26, 2012. *Id.*, Ex. 9. Judge Bass denied the application on February 7, 2013, finding that Petitioner's grandfather, Sherwood Brown applied and signed the verification on behalf of Petitioner. *Id.*, Ex. 10, at 1. Sherwood Brown, however, was not "a licensed practicing attorney" in Oklahoma. *Id.* Judge Bass rejected Sherwood Brown's attempt to invoke the court's jurisdiction by using a durable power of attorney and concluded that "[a] person may represent himself or be represented by a licensed attorney, however he may not choose a non-lawyer to appear on his behalf." *Id.* at 2. Determining that Sherwood Brown's attempted verification of the application did not "properly invoke the District Court's authority under the Act," the court dismissed the application "for lack of jurisdiction" "[b]ecause of the defective verification[.]" *Id.*

On March 11, 2013, Petitioner appealed the district court's order to the OCCA. *Id.*, Ex. 11. Because "Petitioner did not respond to the findings and conclusions of law upon which the district court based its order" and failed to

5

allege "any error with the district court's order," the OCCA affirmed the denial of his final application for post-conviction relief on May 17, 2013. *Id.*, Ex. 12, at 1. The OCCA's order notes the district court had dismissed the application "for lack of jurisdiction because it was signed by the Petitioner's non-lawyer grandfather and lacked statutorily required verification." *Id.*

Respondent maintains Petitioner is not entitled to any statutory tolling during the pendency of any of his post-conviction applications because the applications were not properly filed. Doc. 14, at 6-7. As with his appeal to the OCCA from the district court's order dismissing his final application for lack of jurisdiction, Petitioner does not argue otherwise. *See id.*, Ex. 11. Instead, Petitioner maintains "all filing times have been timely;" that with the assistance of a "mentally competent non inmate/non atty," he has shown he was not given a fair trial; his "mail from the court have been stalled in correctional facility mail;" he is a "black afro American suffering with family inherited mental disease;" he was given "insufficient and misrepresentation of public defender," allowing "[t]he DA [a] free hand;" and he suffered "head trauma" prior to his trial. Doc. 15, at 1-2. Claiming that his time to respond to Respondent's motion was limited due to delays in the prison mailing system, he attached portions of the state courts' docket reports to his response and stated that "this reply will

6

need to rely on this court to verify that all filing times was timely[.]" *Id.* at 3.[6] He adds parenthetically that "statute of limitation is vague claim" and "incorrect." *Id.*

"The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). To meet the "properly filed" requirement, an inmate must comply with state procedural requirements. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (defining a "properly filed" application as "one filed according to the filing requirements for a motion for state post-conviction relief" and giving examples of such requirements). Post-conviction "proceedings in Oklahoma district courts are considered commenced, and thus filed for purposes of Oklahoma's post-conviction statute, when a properly verified application for post-conviction relief is delivered to the proper district court for the purpose of filing." *Burger v. Scott*, 317 F.3d 1133, 1140 (10th Cir. 2003) (internal quotation marks and emphasis omitted). *See also Artuz v. Bennett*, 531 U. S. 4, 8 (2000) ("[A]n application is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules

---

[6] And, according to this Court's docket report, Petitioner did not file a request to extend his time to respond to the motion to dismiss.

governing filings . . . prescrib[ing], for example, the form of the document . . . .")
(internal quotation marks omitted).

Nothing in the state court docket reports submitted by Petitioner in opposition to Respondent's motion undermines the state court determinations that he failed to properly file his applications for state post-conviction relief.[7] Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Absent equitable tolling, his federal habeas petition is untimely.

## III. Equitable tolling.

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Holland v. Florida,* 560 U.S. 631, 645 (2010) ("hold[ing] that § 2244(d) is subject to equitable tolling in appropriate cases").

---

[7] Petitioner is not entitled to statutory tolling for the time spent in appealing from the dismissal of his final application for state post-conviction review. It is only "[t]he time during which a properly filed *application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending*" that is "not . . . counted toward [the applicable] period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Had Petitioner successfully appealed the district court's finding that his application "lacked statutorily required verification," *see* Doc. 14, at Ex. 12, an argument would exist for the inclusion of the time covered by the appeal. In this case, however, Petitioner failed to even "respond to the findings of fact and conclusions of law upon which the district court based its order" or to "allege[] any error with the district court's order . . . ." *Id.*

8

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Even assuming a diligent pursuit of rights, the one-year period of limitation "is subject to equitable tolling . . . only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has the burden of demonstrating that equitable tolling applies. *Sigala*, 656 F.3d at 1128; *Miller*, 141 F.3d at 977. "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808. Liberally construing Petitioner's filings, he has raised two matters invoking equitable tolling consideration.

One, Petitioner pleaded that his petition "is being filed within (90) days since [OCCA] wrongly issued affirmed order and mandate on same date." Doc. 1, at 14. Petitioner's erroneous, (implicitly-stated) belief that he had ninety days from the OCCA's May 17, 2013 order in which to seek federal habeas review, does not justify equitable tolling. *See Marsh*, 223 F.3d at 1220 ("[I]gnorance of

9

the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)).[8]

Two, Respondent argued Petitioner "does not overtly request or explain why he might be entitled to equitable tolling." Doc. 14, at 11. In response, Petitioner maintained, "I am black afro American suffering with family inherited mental disease . . . . Doc. 15, at 2. "[E]quitable tolling because of mental illness is only warranted in circumstances such as adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing [his] own claim because of mental incapacity." *Rawlins v. Newton-Embry*, 352 F. App'x 273, 276 (10th Cir. 2009) (internal quotation marks omitted). Here, there is no evidence that Petitioner has been adjudicated incompetent or has been institutionalized for his alleged mental illness.

In sum, neither Petitioner's petition nor his response to the motion to dismiss provides facts from which the court could find "rare and exceptional" circumstances that warrant equitable tolling. *Gibson*, 232 F.3d at 808 (citation omitted).

---

[8] And, *ninety-six* days elapsed between the OCCA's order of May 17, 2013 and August 21, 2013, the day Petitioner placed the federal petition in his prison's mailing system.

## IV. Recommendation and notice of right to object.

The period of limitation for Petitioner's claims expired on June 26, 2013, and his petition was not filed until August 21, 2013. The undersigned Magistrate Judge therefore recommends Respondent's motion to dismiss, Doc. 14, be granted, and the petition be dismissed with prejudice.

The undersigned advises parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by June 29, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The undersigned further advises the parties that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 9th day of June, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE